IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                               No. 1:20-mj-986-WJ

WILLIAM WESTFALL,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES' APPEAL OF THE MAGISTRATE JUDGE'S ORDER OF RELEASE

**THIS MATTER** is before the Court on the United States' Appeal of the Magistrate Judge's Order of Release to Home Confinement [Doc. 14], filed April 21, 2020. For the reasons discussed in this Memorandum Opinion and Order, the Court finds that the United States has proven the Defendant's dangerousness to the community by clear and convincing evidence and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community. Therefore, the Defendant shall be detained pending trial.

## BACKGROUND

The Defendant is charged with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 1 (Criminal Complaint). On April 20, 2020, Magistrate Judge John F. Robbenhaar presided over the Defendant's preliminary hearing and found that "there is probable cause to charge Mr. Westfall with the crime of felon in possession of a firearm." Doc. 22 (Preliminary Hearing Transcript) at 35. The next day, Judge Robbenhaar presided over the Defendant's detention hearing and, after weighing 18 U.S.C. § 3142(g)'s detention factors, entered an order setting conditions of release. Doc. 20 (Detention Hearing Transcript). Among other

1

conditions, the order released the Defendant to the custody of his wife and placed him on home detention with monitoring by Pretrial Services. Doc. 15 (Order Setting Conditions of Release). Judge Robbenhaar prefaced his ruling explaining that "this is a very close call and I think reasonable minds could come different conclusions on this one." Doc. 20 (Detention Hearing Transcript) at 13. The United States submitted the subject motion appealing Judge Robbenhaar's decision pursuant to 18 U.S.C. § 3145(a)(1) later that same day.

On April 24, 2020, Pretrial Services filed a memorandum with its position on the United States' appeal of Judge Robbenhaar's decision to release the Defendant on conditions:

> [T]he defendant was charged with Felon in Possession of a Firearm. The defendant poses a risk of danger with his history of violent behavior, and history of weapons use in accordance to his prior arrests and conviction. Also, verifications were obtained from the assigned special agent of the Federal Bureau of Investigations, that the defendant is an active member and a Sergeant in the Duke City Chapter, Mongols Outlaw Motorcycle Club. The active membership and being a Sergeant with the Duke City Chapter, Mongols Outlaw Motorcycle Club, generates concern with Pretrial Services, for the purposes of officer safety and safety of the community. It is the position of Pretrial Services that there is no condition or combination of conditions that will reasonably assure the safety of the community. Therefore, it is respectfully recommended that the defendant be detained.

Doc. 17 (Pretrial Services' Detention Recommendation).

## DISCUSSION

Section 3145(a)(1) provides: "If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order." 18 U.S.C. § 3145(a)(1). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (quoting *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992)). When doing so, the Court, like the Magistrate

Judge, is governed by 18 U.S.C. § 3142: a defendant may be detained pending trial only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at 616 (quoting 18 U.S.C. § 3142(e)(1)). The Court takes into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The United States "must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *Cisneros*, 328 F.3d at 616 (citations omitted).

The Court has reviewed the complaint [Doc. 1], Pretrial Services report [Doc. 12], preliminary hearing transcript [Doc. 22], detention hearing transcript [Doc. 20], order setting conditions of release [Doc. 15], Pretrial Services' detention recommendation [Doc. 17], the United States' motion [Doc. 14] and reply [Doc. 19], as well as the Defendant's response [Doc. 16]. The Court finds that the record is sufficient to resolve this matter without a hearing. *See United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) ("A district court conducts a de novo review of a

magistrate judge's detention order but there is no statutory requirement that the court hold a hearing. . . . Rather, the court may hold a hearing, if it so chooses.").

As an initial matter, the Defendant argues that his detention hearing was not authorized under 18 U.S.C. § 3142(f). Doc. 16 (Defendant's Response) at 4–5. In formulating his argument, he cites 18 U.S.C. § 3142(f)(1)(A) through (D), but omits (E) which states:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—(1) upon motion of the attorney for the Government, in a case that involves . . . (E) any felony that is not otherwise a crime of violence that involves a minor victim *or that involves the possession or use of a firearm*.

18 U.S.C. § 3142(f)(1)(E) (*emphasis* added). The offense the Defendant is charged with involves the possession of a firearm. The Defendant's detention hearing, therefore, was proper.

**I.     Nature and Circumstances of the Offense Charged**

As stated, the Defendant is charged with felon in possession of a firearm and Judge Robbenhaar found that probable cause existed. It is a serious charge, and the nature and circumstances of the charge present a compelling case of the Defendant's dangerousness. The following facts are from FBI Special Agent Bryan Acee's testimony at the preliminary hearing [Doc. 22] and Agent Acee's search warrant affidavit [Doc. 14-1].

The Defendant is believed to be the Sergeant-at-Arms of the Duke City Chapter of the Mongols Outlaw Motorcycle Gang ("MOMG"). On May 9, 2019, he crashed his motorcycle into a fence near 1901 Five Points SW in Albuquerque, New Mexico. He and a suspected MOMG member then pushed the damaged motorcycle approximately a quarter mile away to a parking lot, where they met two other suspected MOMG members to load the motorcycle into a truck. Bernalillo County Sherriff's Deputies responded to the accident and made contact with the four suspected MOMG members. They noticed that the motorcycle had paint transfers from the fence

it hit. They also saw two firearms in the truck the men were in. According to the Deputies, the men were moving around in a suspicious manner inside the truck, so they ordered them to exit the truck. The Deputies then checked the men's criminal history and discovered that the Defendant was a felon. At a certain point the Deputies decided to tow the truck. Prior to the tow, they conducted an inventory search and found four additional firearms. Three of the six firearms they found were in the backseat of the truck within reach of where the Defendant was sitting.

The nature and circumstances of the Defendant's felon in possession charge demonstrate the Defendant's dangerousness and threat to the community. The Defendant, despite having a felony conviction, was found in a truck that contained six firearms, three of which were within reach of where he was sitting. The Defendant does not dispute this. *See* Doc. 16 (Defendant's Response) at 2 ("The defense does not dispute the facts outlined in the Government's Appeal."). Felon in possession of a firearm is a serious offense, and the fact that the Defendant is a felon and was found possessing a firearm demonstrates his danger to the community. The Court finds that the nature and circumstances of the offense charged indicate that the Defendant is dangerous and poses a threat to the community. Accordingly, this factor weighs in favor of detention.

**II.     Weight of the Evidence**

The Court is mindful that nothing in 18 U.S.C. § 3142, to include the Court's findings as to the weight of the evidence, is to be "construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). However, the weight of the evidence against the Defendant is strong. The following facts are from Agent Acee's testimony at the preliminary hearing [Doc. 22].

The Defendant is a felon and his DNA was found on one of the firearms the Deputies recovered; specifically, the Springfield XD .40 caliber pistol. The pistol was tested and met the definition of a firearm. The pistol's history was also traced and determined to have traveled in

interstate commerce. And, when speaking with Agent Acee, the Defendant acknowledged that he had possessed the pistol, his DNA was on it, and that he is a felon and is prohibited from possessing firearms or ammunition. The Court has little trouble finding that the weight of the evidence against the Defendant is strong. Accordingly, this factor weighs in favor of detention.

**III.     History and Characteristics of the Defendant**

In evaluating this factor, the Court considers the available information on the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The Court also considers "whether, at the time of the current offense or arrest, the [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." *Id.* § 3142(g)(3)(B).

The Defendant's history and characteristics indicate that he is dangerous and poses a risk to the safety of the community. The following facts are from the Pretrial Services report [Doc. 12], detention hearing transcript [Doc. 20], the Defendant's felony conviction judgment and sentence [Doc. 14-2], and Agent Acee's search warrant affidavit [Doc. 14-1].

The Defendant is 36 years old and has lived in Albuquerque since he was 14. He has been married the past 17 years and has 3 teenage children. He is licensed as a plumber and, most recently, worked at Year Out Mechanical in Albuquerque. He was also not on probation or parole at the time of his arrest for the charge at issue. While these facts tend to support that release on conditions may be appropriate, they do not outweigh the Defendant's criminal history.

The Defendant's criminal record began at age 15. Of note, in 2011, he plead guilty to aggravated battery and aggravated assault with a deadly weapon and was sentenced to 3 years of

incarceration followed by 18 months of supervised probation. Since then the Defendant has been a prominent member of MOMG, a violent gang that has been the subject of prosecutions for the last 15 years throughout the United States. Agent Acee's search warrant affidavit [Doc. 14-1] details a number of troubling facts about the Defendant's involvement with MOMG. For example, there is information that the Defendant allegedly killed a rival motorcycle gang member by running him off the road, participated in discussions about potentially shooting at rival motorcycle gang members from a freeway overpass, among other violent acts. The Court finds that the Defendant's history and characteristics demonstrate that he is dangerous and poses a threat to the safety of the community. Accordingly, this factor weighs in favor of detention.

### IV.     Nature and Seriousness of Danger to the Community if the Defendant is Released

The Defendant is a danger to the community. Based on the Defendant's criminal record and involvement with MOMG, the Defendant has made lifestyle choices to engage in criminal activity. Although the Defendant has had limited contact with law enforcement since his felony conviction in 2011, he was recently found unlawfully possessing a firearm and it appears from Agent Acee's search warrant affidavit [Doc. 14-1] that he has continued to engage in criminal activity through his involvement with MOMG. While the Court has no reason to question the fitness of the Defendant's wife to serve as a third party custodian, releasing the Defendant to her on home detention with monitoring are not sufficient conditions to reasonably assure the safety of the community because the Court is not persuaded that the Defendant's wife is able to sufficiently control Defendant's activities considering the Defendant has a significant history with MOMG. Thus, the Court finds that the nature and seriousness of potential danger to the community if the Defendant is released is significant. Accordingly, this factor weighs in favor of detention.

## CONCLUSION

The nature and circumstances of the offense charged, the weight of the evidence, the Defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community if the Defendant is released all weigh in favor of detention. For these reasons, the Court finds that the United States has proven the Defendant's dangerousness to the community by clear and convincing evidence and that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community. Therefore, the Court orders that the Defendant shall be detained pending trial and that the United States' Appeal of the Magistrate Judge's Order of Release to Home Confinement [Doc. 14] is **GRANTED**.

**IT IS SO ORDERED**.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**